# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NNN CYPRESSWOOD DRIVE 25, LLC, | )<br>) |
| Appellant, | )<br>) |
| | ) No. 13 C 2413 |
| v. | )<br>) Chief Judge Rubén Castillo |
| WBCMT 2007-C33 OFFICE 9729, LLC, | )<br>) |
| Appellee. | ) |

## MEMORANDUM OPINION AND ORDER

NNN Cypresswood Drive 25, LLC ("Debtor") brings this appeal from an order of the United States Bankruptcy Court for the Northern District of Illinois denying WBCMT 2007-C33 Office 9729, LLC's ("WBCMT") motion to lift the automatic stay as to non-debtor affiliates. Presently before the Court is WBCMT's motion to dismiss the appeal as moot pursuant to Rule 8011 of the Federal Rules of Bankruptcy Procedure. For the reasons stated below, the motion is granted.

## BACKGROUND

Debtor owns a 3.305% interest in commercial real property located in Houston, Texas (the "Property") as a tenant in common, along with thirty-two other single-purpose limited liability companies (collectively with Debtor, the "TICs"). (Bankr. R. 67, Op. at 1.)[1] WBCMT owns a mortgage upon the Property. (Id.) In November 2012, WBCMT declared a default against all of the TICs, including Debtor. (Id. at 2.) The monetary defaults allegedly totaled approximately $17,500,000. (Id. at 1.) On December 11, 2012, WBCMT notified the TICs that

---

[1] Citations to (R. _) refer to the record number that a document is assigned on the docket for this case. Citations to (Bankr. R. _) refer to the record of the bankruptcy proceedings, a portion of which was filed as Exhibits 3-9 to Debtor's appeal (R. 1).

default had not been addressed and it would be foreclosing on the Property through a foreclosure sale to be held on January 1, 2013. (*Id.* at 2.) On December 31, 2012, Debtor filed a voluntary petition of bankruptcy under Chapter 11 of the Bankruptcy Code, triggering an automatic stay of the foreclosure proceedings against Debtor's interest in the Property. (*Id.*) Debtor's sole asset is its TIC interest in the Property. (*Id.*) On January 15, 2013, WBCMT moved for relief from the automatic stay as to the non-debtor TICs and requested permission to continue foreclosing against them.[2] (Bankr. R. 16, WBCMT's Mot. Relief.) On March 6, 2013, the bankruptcy court denied WBCMT's motion and held that "the [automatic] stay does not apply to the interests held by the thirty-two non-debtor TICs or to any redemption rights held by the debtor." (Bankr. R. 67, Op. at 5.) The court held that because the stay only protected Debtor's interest in the Property and not the interests of the non-debtor TICs, WBCMT was free to "pursue its remedies under state law against the non-debtor TICs." (*Id.*) Following the entry of the bankruptcy court's order, WBCMT scheduled a foreclosure sale of the Property for the second time, this time set to take place on April 1, 2013. (R. 13, WBCMT's Mot. Dismiss ¶ 6.)

On March 15, 2013, Debtor filed the instant appeal from the bankruptcy court's order pursuant to 28 U.S.C. § 158(a)(1) and Federal Rules of Bankruptcy Procedure 8001 and 8002. (R. 1, Notice of Appeal.) Debtor raises three issues on appeal: (1) whether the automatic stay provided in 11 U.S.C. § 362(a) protects a debtor's interest in commercial real property as a tenant in common by prohibiting foreclosure of non-debtor tenant in common interests; (2) whether the automatic stay provided in 11 U.S.C. § 362(a) protects a debtor's equitable right of redemption in commercial real property; and (3) whether the bankruptcy court violated Federal

---

[2] In its motion, WBCMT maintained that the automatic stay did not apply to the non-debtor TICs and stated that it was filing the motion solely as a precautionary measure. (Bankr. R. 16, WBCMT's Mot. Relief ¶ 2.)

2

Rule of Bankruptcy Procedure 7001(9) by granting declaratory relief without an adversary proceeding. (R. 7, Debtor's Br. at 1-2.)

On the same day it filed this appeal, Debtor moved the bankruptcy court to stay the foreclosure proceedings pending resolution of the appeal. (Bankr. R. 72, Debtor's Mot. Stay.)[3] The pendency of Debtor's motion to stay the sale pending appeal delayed the scheduled foreclosure sale, but the bankruptcy court denied the motion on April 11, 2013. (R. 13, Ex. A, Apr. 11, 2013 Tr. at 2:16-17.) Pursuant to the bankruptcy court's ruling, WBCMT scheduled a foreclosure sale of the Property for a third time to take place on May 7, 2013, at which WBCMT purchased the non-debtor TICs' interests in the Property. (R. 13, WBCMT's Mot. Dismiss ¶ 7.)

On June 21, 2013, WBCMT moved this Court to dismiss Debtor's appeal as moot pursuant to Rule 8011 of the Federal Rules of Bankruptcy Procedure. (R. 13, WBCMT's Mot. Dismiss.) On July 12, 2013, WBCMT filed a brief requesting that the Court immediately grant the motion to dismiss due to Debtor's failure to file any opposition. (R. 14, WBCMT's Br.) On that same day, Debtor moved to strike both WBCMT's motion to dismiss the appeal and WBCMT's reply brief pursuant to Local Rule 5.3. (R. 15, Debtor's Mot. Strike.) This Court denied Debtor's motion to strike on July 17, 2013. (R. 18, Min. Entry.) Debtor subsequently filed a response in opposition to WBCMT's motion to dismiss, (R. 19, Debtor's Resp.), and WBCMT replied in support, (R. 21, WBCMT's Reply). WBCMT's motion to dismiss the appeal as moot (R. 13) is presently before the Court.

---

[3] The Court is unable to review Debtor's motion to stay the foreclosure sale pending the instant appeal because it was not part of the record on appeal and neither party attached it to a pleading. The docket sheet from the bankruptcy proceedings, however, indicates that Debtor did file the aforementioned motion.

3

## DISCUSSION

WBCMT argues that Debtor's appeal is moot because Debtor did not obtain a stay of a sale pending its appeal, a failure which allowed WBCMT to consummate its foreclosure sale. (R. 13, WBCMT's Mot. ¶¶ 9-10.) An appeal is moot if, while it is pending, "an event occurs which renders it impossible for the appellate court to grant any relief or renders a decision unnecessary." *Fink v. Cont'l Foundry & Mach. Co.*, 240 F.2d 369, 374 (7th Cir. 1956). If an appeal becomes moot, it should be dismissed. *Id.* In bankruptcy, the mootness doctrine has both statutory and non-statutory bases. The statutory basis of the mootness doctrine is codified at 11 U.S.C. § 363(m), which states:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). Here, the bankruptcy court did not authorize the foreclosure sale of the Property under section 363(b) or (c) or find that WBCMT was a good faith purchaser. In addition, the foreclosure sale of the Property took place pursuant to Texas state law rather than the Bankruptcy Code. Accordingly, the mootness rule in section 363(m) does not apply to Debtor's appeal.

The non-statutory mootness doctrine is broader, however, and courts are reluctant to disturb consummated transactions made in the context of bankruptcy. *Matter of UNR Indus., Inc.*, 20 F.3d 766, 769 (7th Cir. 1994) ("Several provisions of the Bankruptcy Code of 1978 provide that courts should keep their hands off consummated transactions."). The reasons underlying section 363(m)—"preserving interests bought and paid for in reliance on judicial decisions, and avoiding the pains that attend any effort to unscramble an egg—are so plain and

so compelling that courts fill in the interstices of the Code with the same approach." *Id.*; *see also In re Nashville Sr. Living, LLC*, 620 F.3d 584, 594 (6th Cir. 2010) (supporting the broad application of section 363(m), which "promotes subsection (m)'s salutary policy of affording finality to judgments approving sales in bankruptcy") (quoting *Weingarten Nostat, Inc. v. Serv. Merch. Co.*, 396 F.3d 737, 741 (6th Cir. 2005)) (internal quotation marks omitted); *Miami Ctr. Ltd. P'ship v. Bank of N.Y.*, 838 F.2d 1547, 1553 (11th Cir. 1988) (affirming the "applicability of the mootness standard in situations other than transfers by a trustee under § 363(b) or (c)"). The Seventh Circuit encourages courts to inquire not only as to whether it is possible to unwind the transaction, but also as to whether it is prudent to do so. *UNR Indus.*, 20 F.3d at 769. Accordingly, even if it is possible for the Court to unwind the consummated foreclosure sale, the Court must determine whether it should.

First, the Court must determine if it can provide Debtor its requested relief. Debtor argues that the Court has the ability to unwind the foreclosure sale, (R. 19, Debtor's Resp. at 6), and the Court assumes without deciding unwinding the foreclosure sale is possible.[4] But the Court is not persuaded that unwinding the foreclosure sale would provide the relief Debtor seeks. Debtor asks this Court to determine that the non-debtor TICs' interests in the Property are

---

[4] Debtor cites *In re Resource Technology Corp.*, 430 F.3d 884, 886-87 (7th Cir. 2005), to support its argument that the Court has the ability to unwind WBCMT's foreclosure sale and reinstate the TICs' interests in the Property. (R. 19, Debtor's Resp. at 6-7.) There, the Seventh Circuit found the appeal of a settlement not moot because the court could provide certain monetary relief to the appellant. *Resource Tech.*, 430 F.3d at 886 ("Unscrambling a transaction may be difficult, but it can be done."). Many factual differences between the case at hand and the issues in *Resource Technology* make the Court hesitant to conclude, based on *Resource Technology*, that it would be capable of unwinding WBCMT's foreclosure sale. Most significantly, the settlement in *Resource Technology* was authorized by the bankruptcy court, while the bankruptcy court here essentially found that the Bankruptcy Code did not apply the foreclosure sale. Nevertheless, in order to address the substance of Debtor's arguments, the Court assumes without deciding that an unwinding of the foreclosure sale that gives rise to this suit is, in fact, possible.

5

protected by the automatic stay. (R. 7, Debtor's Br. at 7-8.) Debtor argues that the automatic stay is intended to protect the "going concern value of the Property and the Debtor's right to control estate assets." (R. 7, Debtor's Br. at 7.) Debtor cites *In re Hunter*, 970 F.2d 299, 305 (7th Cir. 1992), to support its argument that the TICs' interest in the Property is included in Debtor's bankruptcy estate. (R. 7, Debtor's Br. at 8.) The *Hunter* decision held that under Indiana law, the debtor's interest in a tenancy of the entirety was part of the bankruptcy estate. 970 F.2d at 305. The Court finds *Hunter*'s analysis of a tenancy of the entirety under Indiana law irrelevant to the determination of whether a tenant in common's interest is part of a cotenant's estate under Texas law.

Under Texas law, a tenancy in common is "[a]n undivided possessory interest in property." *Dierschke v. Cent. Nat'l Branch of First Nat'l Bank at Lubbock*, 876 S.W.2d 377, 379 (Tex. App. 1994). Each tenant in common has an equal right to possession and use of the property, *Gillum v. St. Louis, A. & T. Ry. Co.*, 23 S.W. 717, 718 (Tex. Civ. App. 1893), and each has the responsibility to avoid acts that are prejudicial to his cotenants, *Brokaw v. Richardson*, 255 S.W. 685, 686 (Tex. Civ. App. 1923). Tenants in common may dispose of their interests in the common property without affecting the interests of the other tenants in common. *See Lake v. Reid*, 252 S.W.2d 978, 982 (Tex. Civ. App. 1952); *Gillum*, 23 S.W. at 718. Debtor argues that Congress's intent in creating the automatic stay was to protect "all of the Debtor's rights in any property." (R. 7, Debtor's Br. at 10.) Contrary to Debtor's arguments, however, Debtor does not have any right in its cotenants' interests in the Property. *See Willson v. Superior Oil Co.*, 274 S.W.2d 947, 950 (Tex. Civ. App. 1954) ("Each owner in a co-tenancy acts for himself and no one is the agent for the other nor has any authority to bind the other merely because of the relationship."); *Hicks v. Sw. Settlement & Dev. Corp.*, 188 S.W.2d 915, 921 (Tex. Civ. App.

1945) ("each tenant in common is only entitled to the possession of his own share of the damages [for injury to the property]"); *Myers v. Crenshaw*, 116 S.W.2d 1125, 1129 (Tex. Civ. App. 1938) (holding that a buyer "can acquire only the rights of those individual cotenants with whom he bargains"), *aff'd* 137 S.W.2d 7 (Tex. Comm'n App. 1940); *see also Winters ex rel. McMahon v. George Mason Bank*, 94 F.3d 130, 134 (4th Cir. 1996) ("Most courts find that the debtor's interest in property jointly held by a nondebtor becomes property of the estate upon the filing of the bankruptcy petition, but that the nondebtor's interest is not property of the estate.") (collecting cases). Additionally, the non-debtor TICs are not parties to this appeal nor, as far as the Court can tell, have they filed for bankruptcy. The Court declines to extend bankruptcy protections to non-parties who are not in bankruptcy. *See Pitts v. Unarco Indus., Inc.*, 698 F.2d 313, 314 (7th Cir. 1983) (*per curiam*) ("The clear language of Section 362(a)(1) thus extends the automatic stay provision only to the debtor filing bankruptcy proceedings and not to non-bankrupt co-defendants."); *Reliant Energy Servs., Inc. v. Enron Canada Corp.*, 349 F.3d 816, 825 (5th Cir. 2003); *Teachers Ins. & Annuity Ass'n of Am. v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986). The Court thus finds that it cannot grant Debtor's request to "reinstate the TICs' interest in the Property." (R. 19, Debtor's Resp. at 8.)

Debtor also contends that it has a right of redemption that should be protected by the automatic stay and that was violated by allowing WBCMT to foreclose on the non-debtor TICs' interests in the Property. (R. 7, Debtor's Br. at 10.) Debtor appears to seek a reinstatement of the automatic stay as to its redemption rights so that it may exercise those rights, although this request is only implied in Debtor's brief. (*See id.* at 10-13.) Texas law establishes no statutory right of redemption, but there is a well-established equitable right of redemption. *See, e.g., Scott v. Dorothy B. Schneider Estate Trust*, 783 S.W.2d 26, 28 (Tex. App. 1990). "Any person who

7

has an interest in the land and who would suffer a loss as a result of foreclosure holds an equity of redemption." *Id.* (citing G. Osborne, Mortgages § 304 (2d ed. 1970)). "To enforce an equity of redemption, one must sue for that purpose and plead such equities that would authorize recovery." *Id.* (citing *Parks v. Worthington*, 87 S.W. 720, 721 (Tex. Civ. App. 1905)). In addition to having an interest in the land, a party asserting a right of redemption "must also prove that he is ready, able or willing to redeem the properties in controversy by paying off the amount of valid and subsisting liens to which the properties are subject." *Id.* (quoting *Houston v. Shear*, 210 S.W. 976, 981 (Tex. Civ. App. 1919)) (internal alterations and quotation marks omitted). As the bankruptcy court pointed out, Debtor had ample opportunity to demonstrate that he was ready, willing, and able, but it failed to initiate a suit to enforce its redemption right. (*See* Bankr. R. 67, Op. at 3-4; R. 13, Ex. A, Apr. 11, 2013 Tr. at 19:23-20:5.)

Debtor was notified of the original impending foreclosure sale and responded by filing for bankruptcy. Once the order underlying this case was issued, Debtor was notified for a second time of the impending foreclosure sale. Its response was to appeal the order. Finally, once Debtor's motion for a stay of the foreclosure sale pending this appeal was denied, Debtor was notified for a third time of the impending foreclosure sale. At no point did Debtor attempt to enforce his equitable right to redemption, and the foreclosure sale was actually executed. The equitable redemption right expires upon foreclosure under Texas law. *Sullivan Cent. Plaza I Ltd. v. BancBoston Real Estate Capital Corp.*, 106 B.R. 934, 937 (N.D. Tex. 1989) (citing *Matter of First Mortg. Atrium Bldg., Ltd.*, 92 B.R. 202 (E.D. Tex. 1988)), *aff'd sub nom. Matter of Sullivan Cent. Plaza, I, Ltd.*, 914 F.2d 731 (5th Cir. 1990), *aff'd on reh'g sub nom. Matter of Sullivan Cent. Plaza I, Ltd.*, 935 F.2d 723 (5th Cir. 1991)). Courts do not allow debtors to exploit the automatic stay under 11 U.S.C. § 362 in order to extend their redemption rights. *See, e.g.*,

*Matter of Tynan*, 773 F.2d 177, 179 (7th Cir. 1985) ("[section] 362 of the Bankruptcy Code, the automatic stay provision, does not toll the running of the redemption period"); *In re Egbert Dev., LLC*, 219 B.R. 903, 907 (B.A.P. 10th Cir. 1998) (The debtor's "right to redeem the property was not affected by the Debtor's bankruptcy case or the bankruptcy court's Relief Order, and neither this Court nor the bankruptcy court need be involved in any redemption of the property sold to the Appellee at the foreclosure sale."). The only interest Debtor had in the Property that is relevant to this appeal was its equitable redemption right. Because that right expired upon the foreclosure sale on May 7, 2013, there is no relief this Court can afford Debtor.

Seeking to avoid this result, Debtor contends that "if this Court finds in favor of the Debtor on Appeal, WBCMT would have violated the automatic stay and WBCMT's credit purchase would have been void." (R. 19, Debtor's Resp. at 7.) Debtor encourages the Court to find that because WBCMT did not obtain a finding of good faith pursuant to section 363(m), the protections of that section do not apply to it and the appeal is not moot. (*Id.* at 5.) This Court has already determined, however, that the protections of section 363(m) do not apply to WBCMT, and that the appeal is moot anyway. Many courts have recognized an exception to the mootness doctrine when 1) "real property is sold to a creditor who is a party to the appeal," and 2) "the sale is subject to statutory rights of redemption." *In re Martin*, 96 B.R. 1009, 1010 (B.A.P. 9th Cir. 1989) (quoting *In re Onouli-Kona Land Co.*, 846 F.2d 1170, 1173 (9th Cir. 1988)); *see also In re 255 Park Plaza Assocs. Ltd. P'ship*, 100 F.3d 1214, 1218 (6th Cir. 1996); *Sullivan Cent. Plaza, I, Ltd.*, 914 F.2d at 734; *First Mortg. Atrium Bldg.*, 92 B.R. at 206 (finding that the Fifth Circuit would endorse certain exceptions to the mootness doctrine and finding it "essential that any exception to the mootness rule require the existence of a statutory right of redemption"). The Seventh Circuit has expressed hesitance to find exceptions that would

decrease the finality of sales in bankruptcy. *See In re CGI Indus., Inc.*, 27 F.3d 296, 300 (7th Cir. 1994). Even if this Court were inclined to follow *Onouli-Kona* and its progeny, however, the exception does not apply here; as discussed above, the foreclosure sale at issue here was not subject to any statutory rights of redemption.

The Seventh Circuit has frequently extolled the importance of finality in bankruptcy sales. *See, e.g., Matter of Met-L-Wood Corp.*, 861 F.2d 1012, 1019 (7th Cir. 1988) ("Unless bankruptcy sales are final when made, rather than subject to being ripped open years later, high prices will not be offered for the assets of bankrupt firms—and the principal losers (pun intended) will be unsecured creditors."); *Matter of Andy Frain Servs., Inc.*, 798 F.2d 1113, 1125 (7th Cir. 1986) ("[O]ur circuit has consistently held that a would-be appellant's failure to obtain a stay of a sale to a good faith purchaser renders an appeal from the order authorizing and confirming the sale moot."). Debtor sought a stay pending appeal in the bankruptcy court, although it did not seek a stay pending appeal from this Court after denial at the bankruptcy court. "A stay not sought, and a stay sought and denied, lead equally to the implementation of the plan of reorganization. And it is the reliance interests engendered by the plan, coupled with the difficulty of reversing the critical transactions, that counsels against attempts to unwind things on appeal." *UNR Indus.*, 20 F.3d at 770. WBCMT scheduled three separate foreclosure sales before it finally succeeded, and Debtor failed to attempt enforce its redemption right at any time. The Court does not find it appropriate to afford Debtor the relief it requests—reinstatement of the non-debtor TICs' interests in the Property or an extension of time to enforce its expired redemption right— and Debtor has failed to provide a reason that this Court should attempt to unwind the foreclosure sale that outweighs the benefits of finality. *See id.* at 770. Accordingly, the Court dismisses Debtor's appeal as moot.

## CONCLUSION

For the reasons stated above, WBCMT's motion to dismiss the appeal (R. 13) is GRANTED.

ENTERED:

Chief Judge Rubén Castillo
United States District Court

Dated: December 16, 2013